PD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MASSIMILIANO T. CIVIDINI,
    Plaintiff

v.      No. 2:18-CV- **18 2986**

UNITED STATES OF AMERICA,
and
UNKNOWN AGENTS OF THE BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES, U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, AND U.S. CUSTOMS AND
BORDER PROTECTION
    Defendants

## COMPLAINT

This is a complaint under the Federal Tort Claims Act and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. In support of the complaint, the plaintiff, Massimiliano Tomas Cividini ("Cividini"), representing himself pro se, avers as follows:

### Jurisdiction

1. This Court has subject-matter jurisdiction over claims against the United States for false arrest, false imprisonment, and malicious prosecution by federal law enforcement officers, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2675-2680.

2. The federal agent(s) who initiated and effected the arrest, imprisonment and prosecution of plaintiff Cividini complained of herein are "investigative or law enforcement officers of the United States Government" as that term is defined in 28 U.S.C. § 2680(h).

1

6. ATF denied the claim in full on January 19, 2018.

## Venue

7. Venue lies in the Eastern District of Pennsylvania because a substantial part of the acts and omissions complained of occurred in this district.

## Facts

8. Plaintiff Cividini was born on September 15, 1982 in San Candido, Bolzano Province, Italy.

9. In April 2011, plaintiff Cividini obtained conditional lawful permanent residence status based on a marriage to a U.S. citizen, Andrea Seigle Cividini.

10. Plaintiff Cividini still maintains lawful resident status.

11. On February 14, 2017, plaintiff Cividini traveled from Cancun, Mexico to Philadelphia, Pennsylvania via American Airlines, with a connecting flight in Dallas, Texas.

2

3.  In addition to the claims under the Federal Tort Claims Act, plaintiff Cividini brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 406 U.S. 388 (1971) for violations of his rights guaranteed by the Fourth and Second Amendments of the United States Constitution.

## Exhaustion of Administrative Remedies

4.  On September 14, 2017 plaintiff delivered a completed Claim for Damages, Injury or Death (Form SF-95), including a demand for a sum certain, to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), 601 Walnut Street, Suite 1000E, Philadelphia, Pennsylvania 19106. Similar claims were also presented to U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP").

5.  ATF counsel acknowledged receipt of the claim on October 18, 2017.

12. Upon landing in Dallas, plaintiff Cividini's passport was confiscated by CBP at secondary inspection and he was given a document to fly with to Philadelphia in lieu of his passport. Upon exiting the aircraft in Philadelphia, he was approached and detained by three agents in plain clothes, whom he believes were officers of ICE.

13. After about a one hour interrogation, two ATF agents appeared and arrested plaintiff Cividini; one of the agents was Special Agent Jake Raisch.

14. While plaintiff Cividini was detained, ATF agents contacted his wife, traveled to his home, and seized the firearms and ammunition in his home without a warrant.

15. The ATF agents drove plaintiff Cividini to Wilmington, Delaware and detained him overnight in Howard R. Young Correctional Institute in Delaware.

16. Subsequently, plaintiff Cividini was detained in the Federal Detention Center in Philadelphia, Pennsylvania.

17. Special Agent Raisch prepared a federal criminal complaint and affidavit and presented them to the United States District Court in Wilmington, Delaware.

18. Plaintiff Cividini was charged with a violation of 18 U.S.C. § 922(g)(5)(A), possession of a firearm by an illegal alien.

19. On February 22, 2017, on motion of the United States Attorney, U.S. Magistrate Judge Mary Pat Thynge dismissed the case and plaintiff Cividini was released.

20. The basis of this claim was that plaintiff Cividini was not an "illegal" alien when he was arrested, and that the arresting agents knew, or should have known, that one of the essential elements to a prosecution under 18 U.S.C. § 922(g)(5)(A) could not be established at the time they arrested him.

## COUNT I – FALSE ARREST

21. The arrest and subsequent indictment charging plaintiff Cividini with a violation of 18 U.S.C. § 922(g)(5)(A) were void on their face and lacked probable cause because plaintiff Cividini has maintained lawful resident status at all times since April 2011.

22. No federal law enforcement officer has authority to arrest a lawful resident for possession of a firearm by an illegal alien, and the agents who arrested plaintiff Cividini on February 14, 2017 were without privilege to do so.

WHEREFORE plaintiff Cividini demands an award of damages in his favor in the amount of $1,000,000.00 along with costs and attorney's fees.

## COUNT II – FALSE IMPRISONMENT

23. As a result of the false arrest on February 14, 2017, plaintiff Cividini spent eight days in jail.

24. In Pennsylvania, a person is falsely imprisoned if he is detained without probable cause.

25. Plaintiff Cividini was detained without probable cause.

26. As a result of the detention, plaintiff Cividini was wrongly deprived of his freedom, the opportunity to work, and his right to association, freedom of movement, and other usufructs of the enjoyment of life.

WHEREFORE plaintiff Cividini demands an award of damages in his favor in the amount of $1,000,000.00 along with costs and attorney's fees.

## COUNT III – FOURTH AMENDMENT TO THE U.S. CONSTITUTION – UNCONSTITUTIONAL SEARCH AND SEIZURE

27. The ATF agents violated plaintiff Cividini's Fourth Amendment right to be free from unreasonable seizure of his property when, based on a charge under 18 U.S.C. § 922(g)(5)(A), they confiscated lawfully-obtained firearms from his home despite the fact that he could not have been in violation of 18 U.S.C. § 922(g)(5)(A).

28. According to the United States Supreme Court, a "seizure" of property occurs where there is some meaningful interference with an individual's possessory interest in that property.

29. It was unreasonable to seize firearms from plaintiff Cividini's home on the basis of a charge under 18 U.S.C. § 922(g)(5)(A), possession of a firearm by an illegal alien, because Plaintiff Cividini has maintained lawful resident status at all times since April 2011 and the ATF agents knew or should have known this.

WHEREFORE plaintiff Cividini demands an award of damages in his favor in the amount of $1,000,000.00 along with costs and attorney's fees.

## COUNT IV – SECOND AMENDMENT TO THE U.S. CONSTITUTION – VIOLATION OF THE RIGHT TO BEAR ARMS

30. The ATF agents violated plaintiff Cividini's Second Amendment right to bear arms when they unlawfully seized all firearms and ammunition from his home and instructed him not to purchase firearms in the future because of his status as an "illegal" alien.

31. Plaintiff Cividini maintained lawful resident status at the time of the arrest and seizure, and continues to maintain lawful resident status, therefore the actions of the ATF agents prohibit plaintiff Cividini from exercising his freedom to retain and acquire firearms for protection as a person who maintains lawful resident status.

WHEREFORE plaintiff Cividini demands an award of damages in his favor in the amount of $1,000,000.00 along with costs and attorney's fees.

### REQUEST FOR COURT-APPOINTED ATTORNEY

32. Plaintiff Cividini respectfully requests that this Honorable court appointment an attorney to represent him in this claim.

Respectfully submitted,

*/s/ Massimiliano T. Cividini*
Massimiliano T. Cividini

6